UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EMILIA VINOKUR,<br>Plaintiff, | Case No. 1:11-cv-911 |
| vs | Spiegel, J.<br>Litkovitz, M.J. |
| ROBERT WAGNER, et al.,<br>Defendants | **REPORT AND RECOMMENDATION<br>AND ORDER** |

Plaintiff, a resident of Cincinnati, Ohio, has filed a *pro se* complaint on behalf of herself and an entity called "People Against Abuses in Public Offices" ("PAAPO") (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against Robert Wagner, the chief executive officer of Bayview Loan Servicing, LLC ("BLS"); attorney John D. Clunk; Judge Andrew Nastoff of the Butler County, Ohio, Court of Common Pleas; the Butler County Sheriff; and Donald F. Helton, president of Pinnacle Management. The complaint is rambling and often difficult to decipher. Essentially, it appears that plaintiff is claiming that defendants conspired to deprive her of her "inheritance rights" to a property that was the subject of an allegedly "fraudulent foreclosure action instigated by the attorneys at the law offices of [defendant] Clunk."

This Court, which "may take judicial notice of proceedings in other courts of record," *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)), has examined the record in the state foreclosure action in an effort to ascertain the factual bases of plaintiff's claims against the various defendants. Upon review of the Butler County Clerk of Court's online docket records (*see* http://www.butlercountyclerk.org), it appears that BLS filed the foreclosure action (Case No. CV 2009 07 3220) in the Butler County Common Pleas Court against the sole owner of the property, William Mercer, who is now deceased, for failure to meet his mortgage loan payment obligations. Attorneys employed by defendant Clunk served as counsel to BLS in the

3

proceeding. Defendant Nastoff presided over the matter, in which plaintiff sought to appear as the claimed executor of Mercer's estate and heir to the property. An attorney at Clunk's law firm filed motions on BLS's behalf, requesting that summary judgment be entered against plaintiff and that plaintiff's numerous filings be stricken from the record because (1) plaintiff was not a party to the action and had not been brought into the action by any interested parties; and (2) contrary to plaintiff's contention in a motion to be recognized as Mercer's spouse, a Preliminary Judicial Report and Mercer's death certificate revealed that Mercer was divorced from another woman named "Dorothy" and had not remarried. Judge Nastoff granted the motions to strike plaintiff's filings, ruled in BLS's favor and ordered a "Sheriff's Sale" of the property. The property was purchased on September 8, 2011, by Karen Helton and her husband, defendant Donald Helton. On December 9, 2011, Judge Nastoff issued a Writ of Possession, commanding the Butler County Sheriff to recover the property on behalf of BLS.

In her complaint filed with this Court, plaintiff alleges that Mercer was her husband and that she was improperly "stricken" from the proceeding "upon the motion of attorneys from . . . Clunk's law firm." She also alleges that BLS has "no legitimate 'foreclosure' interest/authority" in the property and challenges the state court's decision in BLS's favor, which resulted in the order for a "Sheriff's Sale" and issuance of a "Writ of Possession." Plaintiff also contests her scheduled eviction from the property. She has filed a motion for an emergency injunction to stop the eviction process, which purportedly was scheduled to occur at 9:00 a.m. on January 11, 2012. (Doc. 4).[1] Plaintiff has also filed a motion to add exhibits to the complaint (Doc. 2), which is

---

[1] The motion, which was filed on January 5, 2012, is moot at this point. In any event, as discussed below, the Court lacks subject matter jurisdiction to consider the motion.

also rambling and difficult to decipher, but basically contains the same or similar allegations of unfairness and misconduct in the state foreclosure action.

As relief, plaintiff does not request damages. Instead, she seeks "an Order of the Ohio District Court, quieting title to Plaintiff and against the named Defendants or any third party acquiring title by invalid or void Sheriff's Sale and Writ of Possession." She also requests that her eviction be "[s]et aside."

Plaintiff's allegations are insufficient to state a claim upon which relief may be granted by this Court. The Court is without federal jurisdiction over this matter because plaintiff's complaint fails to allege a violation of federal law against the named defendants. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing her claims arise under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Court cannot discern any possible federal claim.

Plaintiff has not alleged facts showing that defendants violated her due process or any other federal constitutional rights. To the extent that plaintiff has generally alleged that the defendants conspired to deprive her of her inheritance right to the property, it is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010), *cert. denied*, 131 S.Ct. 2934 (2011); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009)

(citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"), *cert. denied,* 130 S.Ct. 3504 (2010). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive her of a constitutionally-protected right. Therefore, plaintiff's vague, unsubstantiated and conclusory claim based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

Finally, the Court does not have jurisdiction to consider plaintiff's claims to the extent she seeks federal court review of actions taken in the Butler County foreclosure proceeding. The federal courts lack authority under the *Rooker-Feldman* doctrine to sit as a state appellate court to review state-court determinations. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "stands for the proposition that a federal district may not hear an appeal of a case already litigated in the state court." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court more recently reaffirmed that the *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases her federal claim is a state-court judgment. *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir. 2008); *see also Hines v. Franklin Savings & Loan,* No. 1:09cv914, 2011

WL 882976, at *2 (S.D. Ohio Jan. 31, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011) (Weber, J.). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Lawrence,* 531 F.3d at 368 (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

In other cases, courts have *sua sponte* dismissed similar claims under 28 U.S.C. § 1915(e) as "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Hines, supra,* 2011 WL 883976, at *3 (and cases quoted and cited therein). In *Hines*, the court recognized, however, that "despite the broad application of the *Rooker-Feldman* doctrine to cases challenging state foreclosure judgments," the Sixth Circuit and lower courts within the Sixth Circuit have "limited application of the doctrine to instances in which the litigant *only* seeks to reverse or set aside the state court judgment." *Id.* (emphasis in original). Therefore, the *Rooker-Feldman* doctrine does not apply to bar review if a litigant presents a claim that is independent of the state-court judgment, including "claims based on alleged violations of federal and state law" that preceded the alleged improprieties in the state-court foreclosure proceeding. *Id.* (and cases cited therein); *see also Hillman v. Edwards,* No. 2:11cv501, 2011 WL 4711979, at *1-2 (S.D. Ohio Oct. 6, 2011) (Smith, J.) (citing *McCormick,* 451 F.3d at 393).

Here, it appears that plaintiff is only seeking relief from the state court's rulings in the foreclosure proceeding and, therefore, states no independent claims of constitutional error. The concrete actions that give rise to plaintiff's claims for relief arise solely from actions that occurred in the state foreclosure proceeding and from the state court's procedural and substantive

rulings in that proceeding. Construing the complaint liberally, it can only be interpreted as a request for review of the court's judgments in the state-court case. Although plaintiff has alleged that certain defendants involved in the proceeding engaged in "misconduct," the source of plaintiff's injury derives solely from the state-court decisions to strike her from the proceeding and to grant relief in BLS's favor. *Cf. Hillman*, 2011 WL 4711979, at *2 (rejecting the argument that the plaintiff stated an "independent claim" to the extent the "underlying state action was based on allegations that the named Defendant engaged in misconduct").

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion to add exhibits to the complaint (Doc. 2) is **DENIED** as moot.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and that plaintiff's motion for emergency injunction (Doc. 4) be **DENIED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).[2]

Date: 1/12/12

cbc

Karen L. Litkovitz
United States Magistrate Judge

---

[2]It is noted that plaintiff, a non-prisoner, would remain free to apply for *in forma pauperis* status in the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EMILIA VINOKUR,
    Plaintiff,

vs

ROBERT WAGNER, et al.,
    Defendants.

Case No. 1:11-cv-911

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).